UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SAT ADLAKA, Individually and as Manager/Assignee DBA Fawn Plaza, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM INSURANCE COMPANIES FIRE CLAIMS DIVISION and STATE FARM INSURANCE DON KNISKA, <br><br> Defendants. | CAUSE NO.: 2:20-CV-15-TLS-JPK |

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Improper Venue [ECF No. 7], filed on January 22, 2020, and on Plaintiff's Petition to Deny Defendant State Farm's Petition for Removal [ECF No. 12], filed on January 23, 2020. For the reasons set forth below, the Court grants Defendants' motion and denies Plaintiff's motion.

## BACKGROUND

Plaintiff Sat Adlaka, individually and as manager/assignee doing business as Fawn Plaza, filed a Complaint [ECF No. 5] against Defendants State Farm Insurance Companies Fire Claim Division and Don Kniska in the Lake County, Indiana, Superior Court on October 31, 2019. In the Complaint, Plaintiff seeks in Count One damages in the amount of $17,128.00 for the cost of repairs as well as Adlaka & Associates's fees, the attorney fee for removal of the mechanics lien, and interest on the bond amount; in Count Two damages in the amount of $100,000.00 on the claim of breach of confidentiality; and in Count Three damages in the amount of $100,000.00 on the defamation claim. *See* Compl., ECF No. 5.

On January 14, 2020, Defendants filed a Notice of Removal [ECF No. 1] in this Court, asserting diversity of citizenship, 28 U.S.C. § 1332, as a basis for this Court's jurisdiction.

On January 22, 2020, Defendants filed a Motion to Dismiss for Improper Venue [ECF No. 7], to which Plaintiff filed a response [ECF NO. 14] on February 5, 2020. And, on January 23, 2020, Plaintiff filed a Petition to Deny Defendant State Farm's Petition for Removal [ECF No. 12], to which Defendants filed a response [ECF No. 13] on February 4, 2020. No reply briefs were filed.

## ANALYSIS

The Court considers each of the pending motions in turn, beginning with the jurisdictional question raised in Plaintiff's Petition to Deny Defendant State Farm's Petition for Removal.

**A.    Plaintiff's Petition to Deny Removal**

"Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." *Evers v. Astrue*, 536 F.3d 651, 657 (7th Cir. 2008) (quoting *Newell Operating Co. v. Int'l Union of United Auto., Aerospace, & Agr. Implement Workers of Am.*, 532 F.3d 583, 587 (7th Cir. 2008)). Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). As the parties seeking to invoke this Court's jurisdiction, Defendants bear the burden of demonstrating that the jurisdictional requirements have been met. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in

2

favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758. The federal removal statute provides, in relevant part, that, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

In the instant motion, Plaintiff first argues that the amount in controversy is not satisfied because he filed an Amended Complaint in state court on January 15, 2020, reducing the amount of damages sought in each of Counts Two and Three from $100,000.00 to $10,000.00. Plaintiff represents that the original damages of $100,000.00 was a typographical error. However, at the time of removal on January 14, 2020, the original Complaint sought at least $217,128.00 in damages, not including the fees of Adlaka & Associates and the attorney fees for removal of the mechanics lien alleged in Count One. The federal court's jurisdiction "depends on the amount that was in controversy when the federal suit began." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 538 (7th Cir. 2006); *see also Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510 (7th Cir. 2006) ("The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit . . . was removed."). Post-filing events may change a plaintiff's recovery, "but do not terminate jurisdiction that was proper at the outset." *Meridian Sec. Ins. Co.*, 441 F.3d at 538; *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) ("Thus events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."); *Hunt v. DaVita, Inc.*, 680 F.3d 775, 777–78 (7th Cir. 2012) (recognizing that a "post-removal disclaimer of damages exceeding $75,000 could not defeat federal jurisdiction after a proper removal based on the complaint" (citing cases in support)).

3

Moreover, it is not a "legal certainty" that Plaintiff's claim in the Complaint at the time of removal is for less $75,000.00. *See Webb v. Fin. Indus. Regulatory Auth., Inc.*, 889 F.3d 853, 859 (7th Cir. 2018) ("When a defendant removes to federal court, . . . its plausible and good faith estimate of the amount in controversy establishes jurisdiction unless it is a 'legal certainty' that the [plaintiff's] claim is for less than the requisite amount."). As argued by Defendants, in addition to the $217,128.00 in damages listed in the original Complaint, Plaintiff also seeks an unspecified amount of damages for the professional fees of Adlaka & Associates and the attorney fees associated with the removal of a mechanics lien through litigation. When expenses such as attorney fees and costs are sought as part of the underlying claim, as opposed to separate post-judgment rights to costs or fees incurred in the litigation, the attorney fees and costs are considered part of the amount in controversy. *See El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 753 (7th Cir. 2013). Therefore, the amount in controversy exceeded $75,000.00 at the time of removal.

Second, Plaintiff argues that Defendant State Farm's local offices in Lake County, Indiana, destroy diversity of citizenship with Plaintiff, a citizen of Indiana. For purposes of subject matter jurisdiction based on diversity of citizenship, a corporation is a citizen of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp.*, 559 U.S. at 92–93 (holding that the term "principal place of business" refers to the corporation's "nerve center," that is, the place where a corporation's officers direct, control, and coordinate the corporation's activities). Defendant State Farm is incorporated under the laws of the State of Illinois and has its principal place of business in Bloomington, Illinois. Petition for Removal ¶¶ 8, 9, ECF No. 1-2.

Thus, Defendant State Farm is a citizen of Illinois. Defendant Don Kniska is a domiciled in Ohio and, thus, is a citizen of Ohio. *Id.* ¶ 11; *see Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) (recognizing that citizenship of a natural person is determined by domicile). Plaintiff is domiciled in Indiana and, thus, is a citizen of Indiana. Petition for Removal ¶ 7; *see Dakuras*, 312 F.3d at 258. As a result, diversity of citizenship exists between Plaintiff and Defendants State Farm and Don Kniska.

Because the amount in controversy exceeded $75,000.00 at the time of removal and the parties are of diverse citizenship, the Court's subject matter jurisdiction is proper. The Court denies Plaintiff's motion.

**B.     Defendants' Motion to Dismiss for Improper Venue**

Defendants move to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3). On consideration of a motion to dismiss for improper venue, a court must resolve all factual disputes and draw all reasonable inferences in the plaintiff's favor, *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 806 (7th Cir. 2011), with the plaintiff then bearing the burden of establishing that venue is proper, *Grantham v. Challenge–Cook Bros., Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1969).

Once an action is removed from state court, the applicable venue provisions of 28 U.S.C. § 1391 govern the transfer of the removed action as between districts and divisions of the United States district courts. *See* 28 U.S.C. § 1390(c). Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

      (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

      (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

      Defendants argue that venue is not proper in the United States District Court for the Northern District of Indiana because "all defendants" do not reside in this district as required by § 1391(b)(1) but rather that venue is proper in the Northern District of Ohio under § 1391(b)(2). The Court agrees.

      Venue is not proper in the Northern District of Indiana because "all defendants" do not reside in the State of Indiana. For the purposes of venue, the residence of a natural person "shall be . . . the judicial district in which the person is domiciled." 28 U.S.C. § 1391(c)(1). Defendant Don Kniska is domiciled in Ohio. *See* Petition for Removal, ¶ 11, ECF No. 1-2. Therefore, all defendants do not reside in Indiana, and venue is not proper in this district under § 1391(b)(1).

      Rather, venue is proper in the Northern District of Ohio because that is where a substantial part of the events or omissions giving rise to the claim occurred and also where a substantial part of property that is the subject of the action is situated. *See* 28 U.S.C. § 1391(b)(2). Plaintiff's Complaint alleges that the property that is the subject of his claim is in Boardman, Ohio. *See* Compl. ¶ 3, ECF No. 5. Plaintiff's Complaint also alleges that the events or omissions giving rise to Plaintiff's claim occurred in Boardman, Ohio. *See id.* ¶¶ 3, 6–14, 16–19, 22–23. The Court takes judicial notice that Boardman, Ohio, is located in Mahoning County, Ohio, and that Mahoning County, Ohio, is situated in the Northern District of Ohio. *See* Counties

6

Served by Division, https://www.ohnd.uscourts.gov/counties-served-division (last visited June 10, 2020). Thus, venue is proper in the Northern District of Ohio.

If venue is improper, a court may either dismiss the suit or transfer it to a district in which the plaintiff could have initially filed the suit if "it be in the interest of justice." 28 U.S.C. § 1406(a). In their motion, Defendants seek dismissal without prejudice for improper venue. Finding the requested relief proper under all the circumstances, the Court grants Defendants' motion and dismisses without prejudice the Complaint.

## CONCLUSION

Based on the foregoing, the Court DENIES Plaintiff's Petition to Deny Defendant State Farm's Petition for Removal [ECF No. 12] and GRANTS Defendants' Motion to Dismiss for Improper Venue [ECF No. 7]. The Court DISMISSES without prejudice Plaintiff's Complaint.

SO ORDERED on June 12, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT